United States District Court
Southern District of Texas
**ENTERED**
October 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNESTO AREVICH GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8238 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Ernesto Arevich Gonzalez ("Petitioner"), a citizen of Cuba, entered the United States through the Ysleta Port of Entry on May 11, 2024.[1] After immigration officials determined that Petitioner had no legal or lawful status to remain in the United States, Petitioner was released pursuant to humanitarian parole for citizens of Cuba.[2] On May 30, 2026, Petitioner was taken into immigration custody.[3] That same day Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(I), "as an alien in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as

---

[1]Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. On March 25, 2025, the humanitarian parole for citizens of Cuba was terminated. Id.

[3]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 11.

designated by the Attorney General."[4] On September 23, 2026, Petitioner was ordered removed.[5] Petitioner may still appeal that decision and he remains in immigration custody.[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[7] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[8] Petitioner has filed a response, and a cross motion for summary judgment.[9]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

Petitioner's Habeas Petition will therefore be denied. The court warns Petitioner that successive habeas petitions under 28 U.S.C. § 2241 are "subject to dismissal for abuse of the writ

---

[4]Notice to Appear, Exhibit 3 to Respondents' MSJ, Docket Entry No. 6-1, pp. 10, 13.

[5]Respondents' MSJ, Docket Entry No. 6, p. 4.

[6]Id.

[7]Habeas Petition, Docket Entry No. 1, p. 6 ¶ 13. Petitioner argues that he was lawfully admitted to the United States. However, as explained above, he was denied entry at the port of entry and was then released on parole. Additionally, although Petitioner does not explicitly raise a due process claim, the court will address whether his detention violates due process because he is pro se.

[8]Respondents' MSJ, Docket Entry No. 6, pp. 1-3.

[9]Petitioner's Response in Opposition to Respondents' Motion for Summary Judgment, and Cross Motion for Summary Judgment, Docket Entry No. 7.

when the same legal claims addressed in a proper petition are presented again." Ortiz-Lopez v. Federal Bureau of Prisons, Director, 830 F.App'x 127, 131 (5th Cir. 2020). If Petitioner disagrees with the court's holding in this Memorandum Opinion and Order, he cannot challenge it by filing a successive habeas petition. Instead, he may file an appeal with the United States Court of Appeals for the Fifth Circuit.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED,** and Petitioner's Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause (Docket Entry No. 1), and Petitioner's Cross Motion for Summary Judgment (Docket Entry No. 7) are **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 29th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE